IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | 1:22CR224-1 |
| | : | |
| KENNETH MAURICE QUICK, JR. | : | |

GOVERNMENT'S MOTION FOR
ISSUANCE OF AN ORDER OF FORFEITURE

NOW COMES Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and respectfully submits the Government's Motion for Issuance of an Order of Forfeiture in the above-captioned case.   In support thereof, the United States sets forth the following:

1.      On July 25, 2022, the defendant, KENNETH MAURICE QUICK, JR., was charged in an Indictment in Count One with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), possession with intent to distribute a quantity of cocaine base and fentanyl; in Count Two with a violation of Title 18, United States Code, Section 924(c)(1)(A)(i), possession of a firearm in furtherance of a drug trafficking crime; and in Count Three with a violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2), felon in possession of a firearm.

2.      Upon conviction of the offense alleged in Count One of the Indictment the United States, pursuant to Title 21, United States Code,

Section 853(a), sought forfeiture of all right, title, and interest in and to any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation; any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation. Upon conviction of one or both of the offenses alleged in Counts Two and Three, the United States, pursuant to Title 18, United States Code, Section 924(d), sought forfeiture of all right, title and interest in and to any firearms and ammunition involved or used in the commission of the offenses. The property to be forfeited includes, but is not limited to, the following:

> a. Glock, Model 19, 9mm handgun, serial number BUNX597; and
>
> b. Assorted 9mm ammunition.

3. On September 9, 2022, the defendant, KENNETH MAURICE QUICK, JR., entered into a Plea Agreement, whereby the defendant consented and agreed to plead guilty to Count Three of the Indictment and acknowledged that the defendant's interest in the foregoing property is subject to forfeiture based on the offense to which the defendant is pleading guilty. On October 4, 2022, the defendant entered a plea of guilty to Count Three of the Indictment, and the plea was accepted.

4.     The defendant, KENNETH MAURICE QUICK, JR., in the Plea Agreement, knowingly and voluntarily consented and agreed to forfeit to the United States all right, title, and interest in and to the property described in paragraph 2 above. The defendant consented to the entry of an order of forfeiture for such property and waived the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledged that the forfeiture of assets is part of the sentence that may be imposed in this case and waived any failure by the court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea was accepted.

5.     Pursuant to the guilty plea, the Government requests that the Court enter, as the statute requires, an order of forfeiture regarding the subject personal property. Under Fed. R. Crim. P. 32.2(b)(1), "the court must determine whether the government has established the requisite nexus between the property and the offense." This determination may be based on evidence already in the record or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing. Fed. R. Crim. P. 32.2(b)(1)(B). Here, where the property is part and parcel of the offense to which the defendant is found guilty and the defendant has agreed to the

forfeiture, the nexus requirement of Fed. R. Crim. P. 32.2(b)(1) has been satisfied.

6.     In accordance with Supplemental Rule G(4)(i)(A), the Government is not required to publish notice, as the property to be forfeited is worth less than $1,000.   In addition, as no persons who reasonably appear to be potential claimants are known, no direct notice need be provided.

WHEREFORE, based on the foregoing, the Court is requested to order, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), that the subject property be forfeited to the United States, and that said property be disposed of in accordance with law, including destruction.

This the 14th day of February, 2023.

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney

/s/ Clifton T. Barrett
Clifton T. Barrett
Assistant United States Attorney
NCSB #12858
101 South Edgeworth Street, 4th Floor
Greensboro, NC 27401
Phone: (336)333-5351

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      :
                              :
                              :
    v.                        :      1:22CR224-1
                              :
KENNETH MAURICE QUICK, JR.    :


CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2023, the foregoing Government's

Motion for Issuance of an Order of Forfeiture was electronically filed with the

Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following: Michael E. Archenbronn, and I hereby certify that

the document was mailed to the following non-CM/ECF participants: [None].


                    Respectfully submitted,

                    SANDRA J. HAIRSTON
                    United States Attorney


                    /s/ Clifton T. Barrett
                    Clifton T. Barrett
                    Assistant United States Attorney
                    NCSB #12858
                    101 South Edgeworth Street, 4th Floor
                    Greensboro, NC 27401
                    Phone: (336)333-5351